**In re Lawrence D. SMOTHERS, Debtor.**

**Bankruptcy No. B79-2078.**

United States Bankruptcy Court,
N. D. Ohio, E. D.

April 29, 1980.

Richard B. Ginley, Cleveland, Ohio, for trustee.

Alan G. Gelbman, Cleveland, Ohio, for debtor.

## MEMORANDUM OF OPINION AND ORDER

JOHN F. RAY, Jr., Bankruptcy Judge.

This cause came on for hearing upon the Trustee's motion for an order on Debtor to turn over to him nonexempt funds.

Debtor filed joint federal and state income tax returns after bankruptcy, with his wife who was not gainfully employed in 1979, for the taxable year 1979. Debtor and his spouse are entitled to refunds of $658.46 on their federal return and $9.27 on their Ohio return.

Debtor's Schedule B-4, under "Property Claimed as Exempt", shows:

"2. Federal and/or state income tax refund, R.C. 2329.66(A)(4)(a)—Amount Unknown."

Subsequent to the hearing on Trustee's motion on April 3, 1980, Debtor amended his schedules to claim as exempt the excess refunds due over $400.00 allowable under Ohio Revised Code Section 2329.66(A)(4)(a), namely $267.73 under Ohio Revised Code Section 2329.66(A)(17).

There being no factual dispute, this matter is to be decided solely upon the legal issue presented.

The Bankruptcy Code, which became effective October 1, 1979, provides that all property of the debtor becomes property of the estate.[1] However, the debtor is permitted to exempt certain property from property of the estate under Section 522 of the Code.[2] The debtor may choose either the exemptions specified in Section 522(d), or any property that is exempt under federal law other than sub-section (d) of Section 522 or exemptions under state law.

Section 522, at paragraph (b)(1), does permit a state to "opt out" of certain, but not all, federal exemptions, providing in the breach to the debtor those exemptions established by state law. In the 1979 Legislative session, the Ohio Legislature amended the general exemption statute, Ohio Revised Code Section 2329.662, to provide as follows:

"Pursuant to the 'Bankruptcy Reform Act of 1978,' 92 Stat. 2549, 11 U.S.C. 522(b)(1), this state specifically does not authorize debtors who are domiciled in this state to exempt the property speci-

---

1. 11 U.S.C. § 541.

2. 11 U.S.C. § 522.

fied in the 'Bankruptcy Reform Act of 1978,' 92 Stat. 2549, 11 U.S.C. 522(d).''

Section 2329.66(A) of the Ohio Revised Code reads, in part, as follows:

"Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

.    .    .    .    .

"(4)(a) *The person's interest, not to exceed four hundred dollars,* in cash on hand, money due and payable, money to become due within ninety days, *tax refunds,* and money on deposit with a bank, building and loan association, savings and loan association, credit union, public utility, landlord, or other person. This division applies only in bankruptcy proceedings. This exemption may include the portion of personal earnings that is not exempt under division (A)(13) of this section.

.    .    .    .    .

"(17) *The person's interest, not to exceed four hundred dollars, in any property,* except that this division applies only in bankruptcy proceedings." (Emphasis added)

It is the position of the Trustee that in enacting 2329.66(A)(4), the Ohio Legislature, in unequivocal language, provided that anything in the nature of cash or its equivalent in money is exempt in a bankruptcy proceeding in a sum of money not to exceed $400.00.

Section 2329.66(A)(17) deals with "any property" not to exceed $400.00, and applies only in bankruptcy proceedings. It is the position of the Trustee that since the term "any property" is a general term or generic term and money is a species of property or a specific property, the general statute must yield to the specific statute.

It is the Debtor's position that in addition to the $400.00 tax refund exempt under Ohio Revised Code Section 2329.66(A)(4)(a), he is entitled to claim tax refunds in excess of $400.00 up to an additional $400.00 under Ohio Revised Code Section 2326.66(A)(17),

by making the exemption in Ohio Revised Code Section 2326.66(A)(17) cumulative to the exemption in Section 2326.66(A)(4)(a).

The issue presented is whether or not the phrase "in any property", as used in Ohio Revised Code Section 2329.66(A)(17), may include tax refunds and be applied to the excess tax refund due over $400.00 allowable specifically under Ohio Revised Code Section 2326.66(A)(4)(a) to create a maximum allowable exemption of $800.00 for the Debtor.

Section 2329.66(A)(17), Ohio Revised Code, is a spill-over exemption and similar to Section 522(d)(5) of the Bankruptcy Code, except that Code Section 522(d)(5) permits a debtor to claim the unused portion of the homestead exemption under 522(d)(1) in addition to the $400.00 exemption.

In Collier On Bankruptcy, Fifteenth Edition, Volume 3, paragraph 522.14, in discussing Section 522(d)(5), it is said:

"The debtor is allowed an exemption of $400 plus the unused portion of the homestead exemption. The purpose of this exemption is to prevent discrimination against nonhomeowners. The homeowner who uses the full amount of the homestead exemption, however, is still entitled to the $400 exemption. *If, for example, there is an item of furniture that has a value greater than $200, thus not exempt under the household furnishings exemption of paragraph (3), the debtor may apply the $400 toward this furnishing.* The unused portion of the homestead exemption plus the $400 may be claimed in any property, be it property that is exempt in excess of the value allowed by a particular paragraph of section 522(d), or property that is otherwise nonexempt." (Emphasis added)

Sections 2329.66(A)(4)(a) and 2329.66(17), Ohio Revised Code, should be read in *pari materia* rather than negating the latter, because it is a general or spill-over exemption. As stated in American Jurisprudence, with specific reference to bankruptcy laws:

"It is among the elementary principles with regard to construction of statutes, applicable to bankruptcy statutes as well as others, that every section, provision, and clause shall be expounded by reference to every other; and, if possible, every clause and provision shall avail, and have the effect contemplated by the legislature. One portion of a bankruptcy statute or act should not be construed to annul or destroy what has been clearly granted by another." 9 Am.Jur.2d, *Bankruptcy*, § 16.

Trustee's position fails to take into account the intent of Congress in seeing that a debtor who petitions the Bankruptcy Court for relief receives sufficient property to begin a fresh start. The exemptions under sub-sections (A)(4)(a) and (17) of Section 2329.66, Ohio Revised Code, enunciate a bankruptcy policy favoring the fresh start, since both sections are only applicable in bankruptcy proceedings. Therefore where the intent of the Legislature is clear, a Court should not legislate by placing limitations unexpressed by the Legislature. The State Legislature of Ohio, in enacting Section 2329.66, Ohio Revised Code, placed no limitation with respect to sub-section (17), spill-over exemption, but on the contrary said it applied to "any property".

The word "property" is commonly used to denote everything which is the subject of ownership, corporeal or incorporeal, tangible or intangible, visible or invisible, real or personal, everything that has an exchange value or which goes to make up wealth or estate. It extends to every species of valuable right and interest, and includes real and personal property, easements, franchises and incorporeal hereditaments.[3] Under the foregoing definition of property, "tax refunds" would be included.

Debtor may claim as exempt tax refunds to the extent of $400.00 under Section 2329.66(A)(4)(a), Ohio Revised Code, and, in addition, may claim as exempt the excess tax refund over $400.00 up to an additional $400.00 under Section 2329.66(17), Ohio Revised Code.

Accordingly, the motion of the Trustee is denied.

---

3. *Samet v. Farmers' & Merchants' National Bank of Baltimore*, C.C.A.Md., 247 F. 669, 671; *Globe Indemnity Co. v. Bruce*, C.C.A.Okl., 81 F.2d 143, 150.